Dear Mr. D'Aquilla:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the East Feliciana Fire District and the East Feliciana Parish Police Jury, you have asked for our opinion on several Fire District issues. The questions presented are as follows:
 1. Can the East Feliciana Parish Police Jury provide full-time coverage life insurance policies to volunteer firefighters?
 2. Does the Police Jury or the Fire District have authority to determine how to split tax or other revenue proceeds to the individual fire stations? Who determines?
 3. What is the exact authority the Fire District has over an individual volunteer fire department of fireman? Can the Fire District micro manage these volunteer fire departments or dictate policy, etc? What is the extent of their authority?
Since your first question contemplates the expenditure of public funds, it must be addressed in light of the provisions of Louisiana Constitution Article VII, Section 14. Article VII, Section 14 provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
According to the Louisiana Supreme Court, Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated". See The Board of Directors of *Page 2 the Industrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, property owners, citizens of the City ofGonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06).
A determination of whether public funds or property are "gratuitously alienated" ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, it is the opinion of this office that the purchase of "full-time coverage" life insurance policies for volunteer firefighters would be a prohibited gratuitous alienation of public property.
Clearly, volunteer firefighters provide valuable services to the public. As recognition of those services, the legislature has authorized the State Fire Marshal and local municipalities to extend various benefits to these volunteers; e.g. Blanket Health and Accident Insurance, La. R.S. 22:215, Death Benefits, La. R.S. 33:2043; and Group Insurance, La. R.S. 40:1593. Yet, all of these benefits limit coverage to incidents that occur while the volunteer firefighters are in "active service", or "engaged in the scope of their duties".
We believe the purchase of these "in the line of duty" policies is acceptable. However, the same is not true for the purchase of "full-time coverage" policies. With the purchase of full-time life insurance policies, the volunteer firefighters receive the added benefit of full-time coverage, covering incidents that occur outside the scope of their duties, while the police jury receives nothing in return. Such a transaction amounts to a prohibited donation of public funds, and violates the provisions of Article VII, Section 14.
Turning attention now to your second question, we note that La. R.S.40:1492 gives parish governing authorities the power to create fire protection districts. Further, Louisiana Constitution Article VI, Section 15 provides that "the governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency."
During our telephone conversation of November 30, 2006, you indicated that the tax revenues in question were collected pursuant to a tax proposed and levied by the Police Jury for the benefit of the Fire District. As such, it is the opinion of this office that the Police Jury shall have the authority to distribute the tax proceeds as might be *Page 3 
necessary or proper. Such proceeds shall be used exclusively for the objects and purposes for which the tax was levied.[1]
With respect to your third question, La. R.S. 40:1500 authorizes fire protection districts to enter into such contracts as they consider necessary or desirable to carry out the purposes for which they were created. Further, La. R.S. 33: 2101 authorizes a parish or fire district to contract with a volunteer fire department to provide fire protection within the fire protection district created or governed by the parish pursuant to R.S. 40:1492.
Accordingly, it is our opinion that the exact authority the Fire District has over an individual volunteer fire department would depend on the terms and conditions of the contract or cooperative endeavor agreement the volunteer fire department entered into with the Fire District.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
[1] La. R.S. 39:704 provides that "the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used"